IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

ERIC GARRETSON, on behalf of       PLAINTIFF
himself and all others similarly situated,

    v.                                CIVIL ACTION NO. 5:17-cv-04171

SENTRY CREDIT, INC., and        DEFENDANTS
JH PORTFOLIO DEBT EQUITIES, LLC,

## PLAINTIFF'S INDIVIDUAL AND CLASS ACTION COMPLAINT

1.      This class action seeks redress for collection practices that violate the *Fair Debt Collection Practices Act*, 15 U.S.C. §1692 *et seq*., (the "FDCPA").

### JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. §1692k and 28 U.S.C. §§1331, 1337 and 1367.  Venue in this District is proper in that Defendants directed their collection efforts into the District in Raleigh County, West Virginia.

### PARTIES

3.      Plaintiff Eric Garretson is an individual who resides in Naoma, Raleigh County, West Virginia.

4.      Plaintiff brings this action in his own right and as representatives of a class of West Virginia consumers similarly situated.

5.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a (3), in that Defendants sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

6.     Sentry Credit, Inc., ("Sentry") is a corporation organized under the laws of the State of Washington with its principal place of business located at 2809 Grand Avenue, Everett, WA 98201.

7.     JH Portfolio Debt Equities, LLC (JHP, herein) is a California limited liability corporation with its principal offices at 5757 Phantom Drive, Suite 225, Hazelwood, MO, 63042.  The sole member of the LLC, Douglas E Jacobson, resides in a state other than West Virginia.

8.     Sentry is engaged in the business of collecting debts owed to others which were incurred for personal, family or household purposes.

9.      Sentry is a debt collector as defined in 15 U.S.C. §1692a.

10.     JHP describes itself as "a nationally licensed debt purchaser of charged-off consumer debt" and that it is "one of the nation's largest investors of unpaid debt, offering innovation and regulatory compliant end-to-end solutions for distressed credit consumers.  The Firm invests in portfolios of consumer receivables and works with individuals as they repay their obligations."

11.     JHP is a debt collector as defined in 15 U.S.C. §1692a as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.     The Plaintiff had credit card accounts with Synchrony Bank which was "charged off" by Synchrony Bank and subsequently sold to JHP.

## FACTS

13.     On or about, November 18, 2016 Sentry on behalf of JHP mailed debt collection letters to Plaintiff regarding debts, allegedly owed to JH Portfolio Debt Equities, LLC and originally owed to Synchrony Bank.  Copies of the letters are attached to this Complaint as EXHIBIT A.

14.     Upon information and belief, EXHIBIT A are each a form collection letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

15.     Plaintiff used his Synchrony Bank credit cards only for personal, family or household purposes, namely, purchases of household goods and services.  Plaintiff did not open or use the credit card account for any business purpose.

**16.**     In EXHIBIT A, Sentry offers to settle the alleged debt of each Plaintiff for less than the total amount allegedly due and each letter states the following: **If, as a result of the settlement, the amount forgiven or canceled on this debt equals or exceeds $600, the IRS may require the creditor to report the amount forgiven or canceled on a form 1099-C.  You may receive this form for the year in which the settlement is completed.**

17.     The above quoted language from the Sentry collection letters sent to Plaintiff shall be referred to herein as the "**IRS/1099-C warnings**."

18.     The placement of the subject **IRS/1099-C warnings** violate the FDCPA and the WVCCPA.

19.     The subject **IRS/1099-C warnings** are purposely confusing, false, fraudulent and misleading to the unsophisticated consumer because there is no requirement that Sentry or JH Portfolio ever issue a 1099-C for forgiven debt.

20.     Even if the Internal Revenue Service statute and regulations applied to Sentry and JH Portfolio, which they do not, the subject **IRS/1099-C warnings** do not correctly state the requirements of a complicated IRS tax statute and regulations promulgated thereunder and are otherwise incomplete and misleading as a matter of law to an unsophisticated consumer.

21.     The *Internal Revenue Service Code and Regulations* promulgated thereunder with respect to the reporting of forgiven debt by way of an IRS Form 1099-C apply only to an "applicable entity" and neither Sentry or JH Portfolio are an applicable entity under 26 C.F.R. §1.605P-1, Tres. Reg. §1.605P-1 as defined by section 6050P(c)(1)

22.     Moreover, upon information and belief, neither Sentry nor JH Portfolio ever report forgiven debt with the use of IRS form 1099-C.

23.     Plaintiff was confused by the IRS/1099-C warnings.

24.     Plaintiff had to spend time and money investigating the applicability and the consequences of any potential tax liability which was falsely asserted

25.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and related expenses, including but not limited to the cost of gasoline and mileage, to consult with counsel on the consequences the IRS/1099-C warnings.

F:\CM\23572\23572 Individual and Class Action Complaint.docx

26.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

27.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

F:\CM\23572\23572 Individual and Class Action Complaint.docx

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

28.    15 U.S.C. §1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29.    15 U.S.C. §1692e(5) prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

30.    15 U.S.C. §1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

31.    15 U.S.C. §1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

32.    *West Virginia Code* §46A-2-127 prohibits fraudulent, deceptive or misleading representations such as falsely representing to an unsophisticated consumer that the IRS may be informed, and tax consequences created by paying a debt for less than the full amount.

33.    *West Virginia Code* §46A-2-124 prohibits the use of threats or coercion such as falsely representing to an unsophisticated consumer that the IRS may be informed, and tax consequences created, by paying a debt for less than the full amount.

34.    *West Virginia Code* §46A-2-125 prohibits oppressive and abusive tactics in the collection of debt such as falsely representing to an unsophisticated consumer that the IRS may be informed, and tax consequences created, by paying a debt for less than the full amount.

35.     *West Virginia Code* §46A-2-128 prohibits unfair and unconscionable means to collect debt such as falsely representing to an unsophisticated consumer that the IRS may be informed, and tax consequences created, by paying a debt for less than the full amount.

## COUNT I - FDCPA

36.     Plaintiff incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37.     Defendants violated 15 U.S.C. §1692e which prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as it was deceptive and misleading for Sentry to include the **IRS/1099-C warnings** in a collection letter to Plaintiff when Defendants had no reporting duty imposed by the IRS.

38.     Defendants further violated 15 U.S.C. §1692e by suggesting to Plaintiff that any agreement to pay less than the full amount of the debt could result in reporting to the IRS

39.     Defendants violated 15 U.S.C. §1692e(5) which prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken" as Sentry had no legal duty to include the **IRS/1099-C warnings** in its collection letter to Plaintiff and Defendants had no intention of so doing.

40.     Defendants further violated 15 U.S.C. §§1692e(5) Defendants violated 15 U.S.C. §§1692e(5) by suggesting to Plaintiff that any agreement to pay less than the full amount of the debt could result in reporting to the IRS.

41.     Defendants violated 15 U.S.C. §§1692e(10) which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt" as it was a false representation for Sentry to include the **IRS/1099-C warnings** in a collection letter to Plaintiff when Defendants had no reporting duty imposed by the IRS.

42.     Defendants further violated 15 U.S.C. §§1692e(10) by suggesting to Plaintiff that any agreement to pay less than the full amount of the debt could result in reporting to the IRS.

43.     Defendants violated 15 U.S.C. §§1692f which prohibits "unfair or unconscionable means to collect or attempt to collect any debt as it was unfair and unconscionable for Sentry to include the **IRS/1099-C warnings** in a collection letter to Plaintiff when Defendant had no reporting duty imposed by the IRS.

44.     Defendants further violated 15 U.S.C. §§1692f by suggesting to Plaintiff that any agreement to pay less than the full amount of the debt could result in reporting to the IRS.

## COUNT II – WVCCPA

45.     Plaintiff incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46.     Plaintiff is a "consumer" as defined by the WVCCPA, *West Virginia Code* §46A-2-122(a).

47.     JHP is a "debt collector" engaged in debt collection as defined in *West Virginia Code* §46A-2-122(c) and (d).

48.     Sentry is a "debt collector" engaged in debt collection as defined in *West Virginia Code* §46A-2-122(c) and (d).

49.     Plaintiff states the facts in this Count for informational purposes only as Plaintiff intends to amend his complaint to include these WVCCPA violations after the expiration of the time afforded Defendants under *West Virginia Code* §46A-5-108.

50.     The letter attached as EXHIBIT A threatens potential tax reporting tax and tax  liability to which Plaintiff would not legally be subject.

51.     By threatening to expose Plaintiff to this potential tax reporting and tax liability, Defendants attempted to collect a debt by coercion in violation of *West Virginia Code* §46A-2-124.

52.     By threatening to expose Plaintiff to potential tax reporting and liability, Defendants engaged in unreasonably oppressive or abusive conduct to collect a debt in violation of *West Virginia Code* §46A-2-125.

53.     By threatening to expose Plaintiff to this potential reporting and tax liability, Defendants used fraudulent, deceptive and misleading representations or means to collect the debt in violation of *West Virginia Code* §46A-2-127.

54.     By threatening to expose Plaintiff to this potential tax reporting and liability, Defendants used unfair or unconscionable means to collect a debt in violation of *West Virginia Code* §46A-2-128.

### CLASS ALLEGATIONS

55.     Plaintiff bring this action on behalf of a Class, consisting of (a) all natural persons with West Virginia addresses (b) who were sent a collection letter containing the

IRS/1099-C warnings (c) seeking to collect a debt for personal, family or household purposes, (d) within one year of the filing of this action for the purpose of the FDCPA and within 4 years of filing this action for the purpose of the WCCPA.

56.     The Class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the Class.

57.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§1692e and 1692f and the WVCCPA, article 2, sections 124, 125, 127 and 128.

58.     Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

59.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

60.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.

61.     Plaintiff hereby demands a trial by jury.

### DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

A)     actual damages;

F:\CM\23572\23572 Individual and Class Action Complaint.docx

B)      statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

C)      attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k(a)(3);

D)      and such other or further relief as the Court deems proper.

**ERIC GARRETSON, on behalf of
himself and all others similarly situated**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
         & POLLARD, *pllc*

BY:    /s/ Ralph C. Young
        Ralph C. Young *(W. Va. Bar #4176)*
            ryoung@hamiltonburgess.com
        Christopher B. Frost *(W. Va. Bar #9411)*
            cfrost@hamiltonburgess.com
        Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
            sbroadwater@hamiltonburgess.com
        *Counsel for Plaintiff*
        P. O. Box 959
        Fayetteville, WV 25840
        304-574-2727